# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PENNY JOHNSON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-10-2461 |
| ASHTON, LLC and<br>UIP PROPERTY MANAGMENT | * | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM

The above-captioned case, filed on September 7, 2010, concerns plaintiff's claims that she was improperly evicted from an apartment located in the District of Columbia in violation of District of Columbia statutory law and the United States Constitution. Paper No. 1. The addresses provided for defendants are located in the District of Columbia and the address plaintiff notes as her own is also located in the District of Columbia.[1]

To the extent that plaintiff is seeking to invoke this court's diversity of citizenship jurisdiction concerning a state law claim, this court lacks jurisdiction. Under 28 U.S.C. § 1391(a), "a civil action wherein jurisdiction is founded **only** on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

---

[1] Plaintiff claims she actually resides in Maryland, but notes her address in the case caption as a District of Columbia address.

In the event plaintiff is seeking to assert a claim based on a federal question, this Court is not the proper venue. Under 28 U.S.C. § 1391(b), a civil action that is **not** founded on diversity of citizenship may be brought only in the judicial district where any of the defendants reside, if all defendants reside in the same State or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, except as otherwise provided by law. It is clear from the content of the complaint that the conduct complained of occurred in the District of Columbia and the defendants reside in the District of Columbia.[2]

The proper venue for this case is in the District of Columbia. Thus, for the convenience of the parties and in the interest of justice, this case shall be transferred to the United States District Court for the District of Columbia, 333 Constitution Ave., NW, Washington, DC 20001, pursuant to 28 U.S.C. § 1406(a).[3] A separate order follows.

September 13, 2010　　　　　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] To the extent that the identity, and consequently the residency, of the individual defendants are unknown, it is more likely that service of process can be obtained in the District of Columbia where the events took place. *See Evans v. Rushing,* 175 F.Supp. 90, 92 (D.C.S.C. 1959) (case should be transferred to any district in which it could have been filed).

[3] Plaintiff has submitted a motion for leave to proceed in forma pauperis with her complaint. Paper No. 2. Since this case is being transferred the determination of whether or not plaintiff meets the criteria for in forma pauperis status will be left for the transferee court's determination.